# In the United States Court of Federal Claims

No. 18-1227C
(Filed December 20, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
                                   *
KAREN WALLER,                      *
                                   *
                                   *
            Plaintiff,             *
                                   *
      v.                           *
                                   *
THE UNITED STATES,                 *
                                   *
                                   *
            Defendant.             *
                                   *
* * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Senior Judge.

     Karen Waller, proceeding pro se, filed a complaint in this court on August 14, 2018. Though her complaint is not a model of clarity, it appears that she is seeking compensation for the theft or loss of certain internet domains Ms. Waller had registered. The government has moved to dismiss the complaint under Rule 12(b)(1) of the Rules Court of Federal Claims (RCFC) for lack of subject-matter jurisdiction. The government contends that plaintiff's complaint fails to point to any involvement of the federal government in the loss of her internet domain names, nor to any money-mandating provision that would provide the court with jurisdiction over "theft" of her property even if the federal government had been involved. For the reasons stated below, the Court agrees that Ms. Waller has failed to state a claim within its jurisdiction, and accordingly the motion is **GRANTED**.

### I. BACKGROUND

     The complaint Ms. Waller filed in this Court is both spare and voluminous. In a coversheet and the three-page form complaint, plaintiff claims that her seventy products on GoDaddy.com "were stolen and taken away from my personal account." Compl. at 1. The nature of these products is not entirely clear, but from reviewing the 140 pages of attachments to the complaint, they seem to have been internet

domain names. *See* Compl. Ex. 1 at 1–11; Ex. 2 at 1; Ex. 3 at 1; Ex. 4 at 1; Ex. 5 at 1; Ex. 6 at 1; Ex. 7 at 1–2, Ex. 8 at 1–3; Ex. 9 at 1–2, Ex. 10 at 1–2. Among the attachments are the results of certain Google searches that presumably bear some relationship to the domain names that were allegedly taken from Ms. Waller. *See* Compl. Ex. 2 at 2–14; Ex. 3 at 2–14; Ex. 4 at 2–12; Ex. 5 at 2–11; Ex. 6 at 2–13; Ex. 7 at 3–10, 18–19, Ex. 8 at 4–16; Ex. 9 at 3–17, Ex. 10 at 3–7, 10–11. The sole reference the complaint makes to the federal government, or its agents, is the inclusion of the Federal Communications Commission (FCC) and the Federal Trade Commission (FTC) in a list of entities that plaintiff contacted as part of her attempt to recover the domain names. Compl. at 3.

On October 9, 2018, defendant filed a motion to dismiss the complaint. Def.'s Mot. to Dismiss (Def.'s Mot.). Defendant contends that as plaintiff has failed to point to any connection between the alleged theft of her property and the federal government, this court lacks subject matter-jurisdiction over the complaint. *Id.* at 1–4. On October 17, 2018, Ms. Waller filed her opposition to the government's motion to dismiss. Pl.'s Mot. Not to Dismiss. (Pl.'s Resp.). The substantive portion of this document consists of only two pages. Plaintiff appears to contend that because she attempted to recover her domain names by contacting various entities, including the FTC and FCC, jurisdiction would be proper in this court. *See id.* at 1. No reply was filed by the government. The matter is fully briefed and ripe for decision.

## II. DISCUSSION

It is settled law that the allegations found in a complaint prepared by a pro se plaintiff, "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted). Nevertheless, "although plaintiff is accorded leniency in presenting his case, his pro se status does not render him immune from the requirement that he plead facts upon which a valid claim can rest." *Paalan v. United States*, 57 Fed. Cl. 15, 16 (2003); *see Hughes*, 449 U.S. at 10.

### A. Legal Standard

Under RCFC 12(h)(3), a claim brought before this court must be dismissed if the court determines it lacks subject-matter jurisdiction. When considering whether subject-matter jurisdiction exists, a court will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (holding that on a motion to dismiss for lack of subject-matter jurisdiction the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"). A court must first

determine that it has jurisdiction before considering the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998).

The Tucker Act, 28 U.S.C. § 1491, does not create substantive rights. Thus, in order for a plaintiff's claims to be within our jurisdiction, plaintiff must identify a separate source of law that creates a right to money damages. *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

### B. Analysis

Though an uncompensated taking of private property by the federal government --- which presumably could include an internet domain name --- can come within our subject-matter jurisdiction, plaintiff has failed to allege such a claim. On the most favorable reading, plaintiff claims that her property has been taken, by an unknown party, and the government has not assisted her in recovering it. Plaintiff points to no authority, and the Court is aware of none, that would obligate the government to assist her --- let alone one which renders the government liable for money damages if it failed to do so. *Cf. United States v. Testan*, 424 U.S. 392, 398 (1976) (explaining requirement of money-mandating source). She does not allege, plausibly or otherwise, any government involvement in the taking of her property. *Cf. Preseault v. ICC*, 494 U.S. 1, 8–13 (explaining Tucker Act jurisdiction over federal actions alleged to have resulted in an uncompensated taking). Accordingly, the Court has no choice but to conclude that the complaint fails to present a claim within its subject-matter jurisdiction. Therefore, the motion to dismiss this case must be granted.[†]

### III. CONCLUSION

For the reason stated above, defendant's motion to dismiss the complaint is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

*[signature]*
VICTOR J. WOLSKI
Senior Judge

---

[†] The application for in forma pauperis status is **GRANTED**.